UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ALFONSO PERCY PEW,                 :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :   CIVIL NO. 3:15-CV-1611
                                    :
COL. E.A. JONES, et al.,            :   (Judge Kosik)
                                    :
        Defendants.                 :

**MEMORANDUM**

The above-captioned civil rights action was filed by Alfonso Percy Pew, also known as Sehu Kessa Saa Tabani, when he was incarcerated at the State Correctional Institution ("SCI") at Camp Hill, Pennsylvania. He has been transferred several times during the pendency of this litigation, and is currently confined at the SCI- Houtzdale, Pennsylvania.[1] Presently before the court are two motions filed by Plaintiff seeking injunctive relief. (Docs. 29, 36.) For the reasons that follow, the motions will be denied.

**I.    Background**

Several Reports and Recommendations were issued by the Magistrate Judge in

---

[1] In April of 2016, Plaintiff was confined at SCI-Forest, which is located in the Western District of Pennsylvania. He was later transferred to SCI- Greene and SCI-Dallas, both located within the Middle District of Pennsylvania. He is currently at SCI-Houtzdale, also located within the Middle District. It appears he submitted changes of addresses with respect to his transfers to all but SCI-Forest.

this action which fully set forth the background of this action. Specifically, the Magistrate Judge issued Reports and Recommendations on October 28, 2015 (Doc. 9), May 5, 2016 (Doc. 24) and May 6, 2016 (Doc. 25), thoroughly setting forth the history in this matter. In the Report and Recommendation of October 28, 2015, the original complaint was screened, and all supervisory defendants were dismissed without prejudice to Plaintiff to file an amended complaint against them in an attempt to set forth viable claims.[2] Plaintiff was told that he failed to state a claim of supervisory liability and that in order to state a claim against said Defendants, Plaintiff had to allege facts demonstrating that each supervisory defendant actively deprived Plaintiff of a constitutional right. Plaintiff was instructed that each defendant must be personally involved in the alleged wrongful conduct. The Magistrate Judge also recommended the dismissal with prejudice of Defendant Commonwealth of Pennsylvania under the Eleventh Amendment, as well as any claims based on the Prison Rape Elimination Act. In the other Reports and Recommendations, the Magistrate Judge recommended the denial of Plaintiff's motions to amend/supplement and for injunctive relief.

On June 9, 2016, the court adopted the reports of the Magistrate Judge. (Doc.

---

[2] Included were Defendants Wolff, Wetzel, Moore-Smeal, Bickel, Harry, Wierzyna, Meintel, Horner and Francis.

26.) While the complaint was dismissed with respect to the supervisory defendants, Plaintiff was granted leave to amend his claims against them. Pending before the court is the amended complaint submitted (Doc. 33) that will be reviewed by the court in a separate Memorandum. The court also dismissed with prejudice all claims against the Commonwealth of Pennsylvania and the claims raised under the Prison Rape Elimination Act, 42 U.S.C. § 15602. Plaintiff's motion to proceed in forma pauperis was provisionally granted subject to any later request to revoke leave to proceed in forma pauperis filed by Defendants, due to the failure by Plaintiff to sufficiently allege or show imminent danger of serious bodily harm pursuant to 28 U.S.C. § 1915(g). The court also adopted the Magistrate Judge's recommendations that Plaintiff's motions to supplement the complaint and file a second amended complaint and his motion for injunctive relief be denied. Plaintiff had only objected to the first Report and only with respect to an anticipated motion filed by Defendants challenging his in forma pauperis status. According to the docket, Defendants have not challenged Plaintiff's in forma pauperis status.

On July 11, 2016, Plaintiff filed a motion for an injunction. (Doc. 29.) He also filed a brief in support of this motion. (Doc. 30.) On August 5, 2016, Plaintiff filed a motion for temporary restraining order and for preliminary injunction. (Doc. 36.) For the reasons that follow, these motions will be denied.[3]

---

[3] Plaintiff filed several other motions after those being addressed herein (Docs. 38, 42 and 46). They will be addressed in due course in a separate Memorandum to be issued by the court.

**II.     Discussion**

In his Report and Recommendation of May 6, 2016, the Magistrate Judge aptly set forth the standard to be utilized in addressing a request for injunctive relief.  As such, the standard will be used herein and not repeated.  (Doc. 25 at 4-9.)   In the motion filed by Plaintiff on July 11, 2016, he states that he is housed at SCI-Greene and that he is experiencing interference with his access to the courts.  In particular, he claims that Department of Corrections ("DOC") Defendant John Wetzel is infringing his rights in this case.  Plaintiff also complains about the conditions at SCI-Greene, including his confinement in an empty cell there, the lack of a religious diet, the withholding of his eyeglasses and back brace, and the lack of medical care.  He also claims to be abused.  In the motion, he requests protection.

First, and most importantly, it is clear that Plaintiff is no longer confined at SCI-Greene.  He has been transferred several times to different prisons since his confinement there, and is currently housed at SCI-Houtzdale.  As such, his motion could be denied on this basis alone.  The Third Circuit Court of Appeals has observed when addressing an inmate's request for injunctive relief that "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them."  Preiser v. Newkirk, 422 US 395, 401 (1977)(quotations omitted); see also Abdul-Akbar v. Watson, 4 F.3d 195,

206 (3d Cir. 1993). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. Abdul-Akbar, 4 F.3d at 197; see also Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003); Fortes v. Harding, 19 F. Supp.2d 323, 326 (M.D. Pa. 1998). Secondly, he asserts some of his claims against John Wetzel who was dismissed, without prejudice, from this action. Although Plaintiff may try to cure the deficiencies with respect to Wetzel, his amended complaint was filed long after this motion, and Wetzel is not currently a defendant in this matter. With respect to the denial of access to the courts, Plaintiff states that another copy of the amended complaint he complains about was sent to the court. A review of the docket reveals that an amended complaint has been received by the court. (Doc. 33.) Moreover, Plaintiff is no longer subject to the conditions at SCI-Greene he complains about in his motion.

There is no likelihood of irreparable harm in this case. See Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989); Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998). Plaintiff seeks relief with respect to conditions at a different prison, and does not name the employees at SCI-Greene who are violating his rights. His allegations in the motion are unrelated to the claims pending in the instant action and, for the most part, involve individuals who are not a party to the instant lawsuit. For these reasons, the motion will be denied.

In the motion filed on August 5, 2016, Plaintiff seeks injunctive relief against the DOC, as well as the coordinators of the Prison Rape Elimination Act. Clearly, Plaintiff's motion is without merit for the reason that the court has already dismissed, with prejudice, any claims against the DOC and any claims brought pursuant to the Prison Rape Elimination Act. Moreover, the motion filed by Plaintiff again complains about activity that occurred at SCI-Greene and talks about matters that are not at issue in this case and involve unidentified staff members at SCI-Greene. Plaintiff is no longer confined at SCI-Greene, as previously stated. While he does not label his filing of August 8, 2016 as support for his motion, Plaintiff filed a document wherein he complains that he has been denied underclothes since his arrival at SCI-Greene, along with the denial of commissary and mental health placement. He claims that he is being hurt by unidentified staff at SCI-Greene and requests a teleconference with the court. Again, these matters are not at issue in the present case. The issues in the complaint occurred at SCI-Camp Hill. The claims in the motion do not involve individuals who are named as defendants in this action and are, at best, the grounds of a new lawsuit and not the basis of a motion for injunctive relief.[4]  For these reasons, Plaintiff's motion will be denied. An appropriate order follows.

---

[4] However, Plaintiff is reminded that he is subject to the Three Strikes provision of 28 U.S.C. § 1915(g), and that he is no longer confined at SCI-Greene.