IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONSO PERCY PEW, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 3:15-CV-1611 |
| | : | |
| COL. E. A. JONES, ET AL., | : | (Judge Brann) |
| | : | |
| Defendants. | : | |

**ORDER**

**MAY 30, 2017**

### I.   Background

This *pro se* civil rights action pursuant to 42 U.S.C. § 1983 was filed by Alfonso Percy Pew, an inmate presently confined at the State Correctional Institution, Houtzdale, Pennsylvania (SCI-Houtzdale).  This matter was initially assigned to the Honorable Edwin M. Kosik of this Court and referred to Magistrate Judge Martin C. Carlson.

By Order dated June 9, 2016, Judge Kosik addressed multiple Reports and Recommendations by Magistrate Judge Carlson and dismissed several of the Plaintiff's claims and motions.  Furthermore, the Plaintiff was granted an opportunity to file an amended complaint.  *See* Doc. 26.

-1-

After being afforded an extension of time, Pew submitted a proposed amended complaint. *See* Doc. 33. Service of the amended complaint has not been ordered.

Judge Kosik assumed inactive status on February 10, 2017 and this matter was reassigned to the undersigned on February 21, 2017.

In addition to the screening of the amended complaint, also pending for consideration by this Court are Plaintiff's motion to add seven (7) Defendants (Doc. 38); a proposed supplemental complaint (Doc. 40); and Pew's request to have the original, amended, and supplemental complaints served on the Defendants (Doc. 46).

## II. Discussion

My review of the proposed amended complaint shows that it is a rambling, and at times illegible narrative. It is difficult to decipher many of the allegations. The Plaintiff also fails to clearly identify the Defendants and asserts claims against some Defendants who were previously dismissed from this action. As such, the proposed amended complaint does not comply with Judge Kosik's June 9, 2016 Order.

It is well settled that *pro se* parties are accorded substantial deference and liberality in federal court, *Haines v. Kerner*, 404 U.S. 519 (1972), and *pro se*

litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). *Pro se* parties are not, however, free to ignore the Federal Rules of Civil Procedure. Specifically, Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

In order to state a viable civil rights claim a plaintiff must make a showing that the conduct complained of was committed by a person acting under color of law and that said conduct deprived him of a right, privilege, or immunity secured by the United States Constitution or by a statute of the United States. *Cohen v. City of Philadelphia*, 736 F.2d 81, 83 ( 3d Cir. 1984). A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of his constitutional rights. *Monell v. Department of Social Serv. of the City of N.Y.*, 436 U.S. 658, 694-95 (1978); *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990); *Capone v. Marinelli*, 868 F.2d 102, 106 n.7 (3d Cir. 1989). This is the personal involvement requirement. Civil rights liability may not be imposed on the principle of *respondeat superior*. *Capone*, 868 F.2d at 106 *(citing Hampton v.*

*Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976)).

Furthermore, a plaintiff must present facts that, if true, demonstrate a plausible right to relief. This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. *Id*. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. *See id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. Despite liberal review and consideration by this Court, Plaintiff's proposed amended complaint fails to comply with these requirements.

In light of his *pro se* status, Pew will be granted a final opportunity to file a proper amended complaint which states each claim he wishes to pursue in a clear,

legible, and concise manner; identifies all defendant[s]; and specifies the relief he is seeking. *See Salahuddin v. Cuomo*, 861 F.2d 40 (2d Cir. 1988). His amended complaint therefore is limited to those defendants and claims which were originally raised and not previously dismissed. Pew is reminded that his amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to any of the complaints previously filed. The new amended complaint should clearly identify each Defendant, set forth the factual substance underlying Plaintiff's claims in short, concise and legible statements, and specify the constitutional claims and relief being sought. It should specify which actions are alleged as to which defendant.

Failure of the Plaintiff to timely submit an amended complaint or otherwise respond to this Order will result in dismissal of his action for failure to prosecute.

**AND NOW**, for the reasons set forth herein, **IT IS HEREBY ORDERED** that:

 1. Plaintiff's motion to open, commence action (Doc. 46) is **DENIED**.
 2. The Plaintiff's motion to join additional defendants (Doc. 38) is **DENIED**.

3. Within twenty-one (21) days of the date of this Order, Plaintiff may file and serve an amended complaint adhering to the standards set forth herein.[1]

4. Failure of Plaintiff to timely submit a proper amended complaint or otherwise respond to this Order will result in dismissal of his action for failure to prosecute.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[1] Attached to this Order is a form civil rights complaint which this Court routinely provides to *pro se* litigants.

## FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

### COVER SHEET

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.

*****************************************************************

The cost for filing a civil rights complaint is $350.00.

If you do not have sufficient funds to pay the full filing fee of $350.00 you need permission to proceed in forma pauperis. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

1) the average monthly deposits to your prison account for the past six months; or

2) the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

**CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.**

*****************************************************************

1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $350.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. **Check here if you are submitting the filing fee with the complaint form.** ____

2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. <u>You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court.</u> **Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees.** ____

**Please Note:** If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1)_____ :
   (Name of Plaintiff)   (Inmate Number) :
                                                                                       :
_____ :
   (Address) :

(2)_____ :
   (Name of Plaintiff)   (Inmate Number) :
                                                  :    _____
_____ :          (Case Number)
   (Address) :

(Each named party must be numbered,
and all names must be printed or typed) :

                 vs.                              :        CIVIL COMPLAINT

(1)_____ :

(2)_____ :

(3)_____ :
   (Names of Defendants) :

(Each named party must be numbered,
and all names must be printed or typed) :

TO BE FILED UNDER: \_\_\_\_\_ 42 U.S.C. § 1983 - STATE OFFICIALS
                                      \_\_\_\_\_ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.    PREVIOUS LAWSUITS

    A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

_____

_____

_____

1

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

    A.    Is there a prisoner grievance procedure available at your present institution? \_\_\_\_Yes \_\_\_\_No

    B.    Have you fully exhausted your available administrative remedies regarding each of your present claims? \_\_\_\_Yes \_\_\_\_No

    C.    If your answer to "B" is <u>Yes</u>:

        1. What steps did you take? _____

        _____

        2. What was the result? _____

        _____

    D.    If your answer to "B" is <u>No</u>, explain why not: _____

_____

III. **DEFENDANTS**

    (1) Name of first defendant: _____

        Employed as _____ at _____
        Mailing address: _____

    (2) Name of second defendant: _____
        Employed as _____ at _____
        Mailing address: _____

    (3) Name of third defendant: _____
        Employed as _____ at _____
        Mailing address: _____

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

IV. **STATEMENT OF CLAIM**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

    1.    _____

_____

_____

2

2. _____

3. _____

## V. RELIEF

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1. _____

2. _____

3. _____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ day of _____, 20____.

_____
(Signature of Plaintiff)

4