IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO PERCY PEW, | No. 3:15-CV-01611 |
| Plaintiff, | (Judge Brann) |
| v. | |
| COL. E.A. JONES, *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

#### OCTOBER 16, 2020

Presently before the Court is Defendants' motion for reconsideration of the Court's Order of October 27, 2015, which conditionally granted Plaintiff leave to proceed *in forma pauperis* in this civil action.[1] That Order acknowledged that Plaintiff had acquired at least three prior qualifying dismissals that would preclude him from proceeding *in forma pauperis*, but conditionally granted the motion based on Plaintiff's allegations of food tampering or denial while he was incarcerated at SMU Camp Hill.[2] The October 27, 2015 Order also specifically provided that it was "subject to any subsequent request by the defendants to revoke leave to proceed *in forma pauperis* asserting that the plaintiff had not sufficiently alleged or shown that he is in imminent danger of serious bodily harm."[3] Notably, at the time that

---

[1] Docs. 9 (order), 140 (motion for reconsideration).
[2] *See id.* at 2-3.
[3] *Id.* at 3.

Plaintiff's IFP application was conditionally granted, Defendants had not yet been served and therefore did not have an opportunity to oppose the motion.

Defendants now move for the October 27, 2015 Order to be reconsidered as they allege Plaintiff has not demonstrated that he is in danger of such imminent physical harm. Plaintiff has opposed the motion, arguing that there is no legal basis for reconsideration or revoking his IFP status.[4]

Generally, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.[5] Relevant here, however, the Court always possesses the authority to revise its interlocutory orders "when it is consonant with justice to do so."[6]

Reconsideration here is appropriate because the grant of Plaintiff's IFP application was interlocutory and conditioned on Defendants' having an opportunity to oppose the application. The Court now has the benefit of Defendant's opposition, which demonstrates that Plaintiff was under no threat of imminent serious physical injury.

---

[4] *See* Docs. 142, 143.
[5] *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).
[6] *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973). *See also Alea N. Am. Ins. Co. v. Salem Masonry Co.*, 301 F. App'x 119, 121 (3d Cir. 2008) (quoting *Jerry*, 487 F.2d at 605).

"To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule."[7] The three strikes rule "generally prevents a prisoner from bringing suit *in forma pauperis* (IFP)—that is, without first paying the filing fee— if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'"[8]

In light of Plaintiff's three prior dismissals for failure to state a claim, or frivolity, Plaintiff may not proceed *in forma pauperis* unless he can demonstrate that he "is under imminent danger of serious physical injury."[9] Defendants argue that the assessment of imminent injury should occur when an amended complaint is filed rather when the original complaint was filed, because an amended complaint renders the complaint a legal nullity.[10] A review of the amended complaint and docket confirms that although Plaintiff complains of past maltreatment while incarcerated at SMU Camp Hill, Plaintiff is no longer housed there and, as far as the Court can discern, is under no threat of imminent "serious physical injury." Plaintiff was also not under any threat of such harm at the time he filed the amended complaint.

---

[7] *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)).
[8] *Id.* (citing 28 U.S.C. § 1915(g)).
[9] 28 U.S.C. § 1915(g). *See also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are insufficient to trigger the exception to § 1915(g)).
[10] *See* Doc. 145 (citing *DaimlerChrysler v. Ashinazi*, 152 F. Supp. 2d (E.D. Pa. 2001)).

Plaintiff argues that the Court should assess whether he was under the threat of injury at the time his initial complaint was filed. Plaintiff's argument is unavailing.

When Plaintiff filed his complaint on August 18, 2015, he failed to include both the filing fee and an application to proceed *in forma pauperis*.[11] Plaintiff did not file an application to proceed *in forma pauperis* until October 27, 2015, at which point he also informed the Court that he had since been transferred to SCI Forest, far from SMU Camp Hill where the relevant Defendants are employed and any harm occurred.[12] This distinction is important, because the Court could not consider whether Plaintiff is entitled to proceed *in forma pauperis* until it had received the appropriate application. The Court could only evaluate Plaintiff's application and any threat of imminent serious physical injury *when* it received the application. That date was October 27, 2015. At this point, Plaintiff had already been transferred from SMU Camp Hill, and no threat therefore existed. Other courts to have considered this circumstance have determined that any risk of injury at a prison facility is eliminated after the plaintiff is later transferred to another facility.[13]

---

[11] *See* Doc. 1.
[12] *See* Docs. 4 (change of address), 5 (motion for leave to proceed *in forma pauperis*).
[13] *See, e.g.*, *McGore v. Lutz*, No. 09-cv-13031, 2009 WL 2488101, at *2 (E.D. Mich., Aug. 11, 2009) ("The events giving rise to Plaintiff's complaint, i.e., the alleged failure to change his cell following a fellow inmate's threats in 2007 and the alleged verbal harassment in 2008, do not pose an imminent danger of serious physical injury, particularly given that Plaintiff has been transferred to another prison. Plaintiff has thus failed to show that he falls within the exception to the three-strikes rule."); *Gamble v. Maynard*, No. 06-cv-1543, 2008 WL

More fundamentally however, Plaintiff has failed to allege the imminent nature of "serious physical injury," whether it be considered at the time of the filing of the complaint, the filing of the amended complaint, or the filing of the application to proceed *in forma pauperis*. Although Plaintiff may well have been in imminent danger of missing a meal or receiving a less than satisfactory meal, he fails to allege that he was in imminent danger of a "serious physical injury" from those actions.

At best, Plaintiff alleges that while he was incarcerated at SMU Camp Hill, certain staff members would not provide him with meals, tamper with his meals, or provide him "food loaf," which the Court presumes is a less appetizing alternative to the regular meals served.[14] Even accepting these allegations as true and construing them in the light most favorable to Plaintiff, these allegations simply do not establish a "serious physical injury" or the threat of one.[15] There is no allegation

---

150364, at *5 (N.D.N.Y. Jan. 14, 2008) ("While plaintiff's complaint intimates that the matter was not an isolated incident [of assault by correctional officers], there is nothing in his complaint, particularly in view of the fact that he is no longer incarcerated at the facility at which the alleged assaults occurred, having since been transferred to the Southport Correctional Facility, to demonstrate that he is in imminent danger of serious physical injury."); *Tucker v. McCauley*, No. 09-cv-12757, 2010 WL 2884642, at *2 (E.D. Mich. April 9, 2010), report and recommendation adopted in relevant part, rejected in part on other grounds, 2010 WL 2884641 (E.D. Mich. July 20, 2010) ("Shortly after his complaint was filed, Plaintiff was transferred to Oaks Correctional Facility in Manistee, Michigan. Consequently, Plaintiff no longer receives treatment from the Defendants and any danger that the Defendants may have posed to the Plaintiff as a result of their alleged ongoing interference with doctor's orders no longer exists.")

[14] *See* Doc. 1.
[15] *See*, *e.g.*, *Williams v. Lackawanna County Prison*, No. 07-cv-1137, 2010 WL 1508542, at *3 (M.D. Pa. Feb. 25, 2010) ("Although the plaintiff . . . suffered from hunger pains, he has provided no evidence that he suffered from any physical injury as a result of the inadequate nutrition or that he suffered from any food related illness.").

that Plaintiff suffered or was at the risk of suffering an adverse health consequence or physical injury from the missed meals.  As the United States Court of Appeals for the Third Circuit has acknowledged, "we are aware of no published authority holding that hunger or starvation are *per se* physical injuries."[16]

Because Plaintiff has three prior strikes and has failed to establish that he was under the imminent threat of "serious physical injury," the Court will grant the motion for reconsideration and revoke Plaintiff's leave to proceed *in forma pauperis*.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for reconsideration, Doc. 140, is **GRANTED**;

2. Plaintiff's motion for leave to file a sur-reply to the motion for reconsideration, Doc. 146, is **GRANTED**;

3. Plaintiff's sur-reply, Doc. 147, is accepted as filed;

4. Plaintiff's leave to proceed *in forma pauperis* is **REVOKED**;

5. Plaintiff's motion in opposition to defendants' motion for reconsideration, Doc. 142, is **DENIED AS MOOT**;

6. The Administrative Order dated October 27, 2015, Doc. 10, is **VACATED**.  No further monies shall be deducted from Plaintiff's prison account pursuant to that Order.

---

[16] *Salley v. Pa. Dep't of Corrs.*, 181 F. App'x 258, 264 (3d Cir. 2006) (in the context of proof of actual physical injury after jury verdict).

7. The Clerk of Court is directed to **FORWARD** this Order to the Superintendent/Warden of Plaintiff's present place of confinement; and

8. Plaintiff shall pay the remaining filing fee of $270.28[17] as well as the administrative fee of $50.00 for this civil action within fourteen (14) days from the date of this Order. Failure to pay the required filing fee will result in the dismissal of this civil action for nonpayment of the fee.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[17] On June 8, 2016, Plaintiff paid $13.08, on September 22, 2020, Plaintiff paid $9.26, and on October 13, 2020, Plaintiff paid $57.38 towards the filing fee owed in this civil action pursuant to 28 U.S.C. § 1915(b). No further payments have been made.