# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO PERCY PEW, | No. 3:15-CV-01611 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| COL. E.A. JONES, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### DECEMBER 15, 2021

*Pro se* Plaintiff Alfonso Percy Pew ("Plaintiff"), who is presently incarcerated in the State Correctional Institution-Phoenix ("SCI-Phoenix"), complains that various officials violated his civil rights when he was formerly incarcerated in the State Correctional Institution-Camp Hill ("SCI-Camp Hill"). After a long and circuitous procedural history in which many of the original Defendants were dismissed from the case, the remaining Defendants have moved for summary judgment. For the reasons that follow, the motion for summary judgment will be granted in part and denied in part.

## I.    BACKGROUND

Plaintiff initiated this case through the filing of a complaint under 42 U.S.C. § 1983 on August 18, 2015.[1]  In the original complaint, Plaintiff alleged that he

---

[1]    Doc. 1.

was being denied meals, threatened, and otherwise retaliated against by prison officials to prevent him from reporting sexual harassment and abuse under the Prison Rape Elimination Act ("PREA").[2]  The case was initially assigned to my late colleague United States District Judge Edwin M. Kosik, and referred to United States Magistrate Judge Martin C. Carlson.[3]  By Order dated June 9, 2016, Judge Kosik addressed multiple reports and recommendations by Magistrate Judge Carlson and dismissed several of Plaintiff's claims.  Plaintiff was granted leave to amend.[4]  Plaintiff subsequently amended his complaint, moved for leave to add seven defendants to the case, and moved for leave to file a supplemental complaint.[5]  Judge Kosik assumed inactive status on February 10, 2017, and the case was reassigned to me on February 21, 2017.

I reviewed Plaintiff's amended complaint and the associated motions on May 30, 2017.[6]  I concluded that Plaintiff's complaint did not comply with the pleading requirements of Federal Rule of Civil Procedure 8.[7]  I accordingly granted Plaintiff a final opportunity to file an amended complaint that complied with Rule

---

[2]  *Id.*
[3]  Doc. 26.
[4]  *Id.*
[5]  Docs. 33, 38, 40.
[6]  Doc. 51.
[7]  *Id.*

8.[8]  I cautioned that the amended complaint must be limited "to those defendants and claims which were originally raised and not previously dismissed."[9]

Plaintiff filed his second amended complaint on June 14, 2017.[10]  In the second amended complaint, Plaintiff alleges that between February and September of 2015, Defendant Jones subjected Plaintiff to sexual harassment and terroristic threats.[11]  Plaintiff alleges that Jones threatened to rape and murder Plaintiff and his family, denied him meals, hit his cell door with a "metal pike," destroyed Plaintiff's mail, deprived him of cleaning supplies, and took away his paperwork and clothing.[12]  Plaintiff also alleges that Jones frequently exposed his penis to Plaintiff and gave Plaintiff pornography.[13]

Plaintiff alleges that Defendant Dempsey denied Plaintiff meals, tampered with his food, denied him clothing, cleaning supplies, and paperwork, and interfered with his mail.[14]  Plaintiff alleges that Dempsey took these actions in retaliation for Plaintiff filing grievances against Defendant Jones.[15]  Plaintiff alleges that Defendant Youch distributed pornography to Plaintiff, sexually and verbally harassed him, and threatened him.[16]  Plaintiff also alleges that Defendant

---

[8]  *Id.*
[9]  *Id.* at 5.
[10]  Doc. 52.
[11]  *Id.* at 2.
[12]  *Id.* at 2-3.
[13]  *Id.* at 3.
[14]  *Id.*
[15]  *Id.*
[16]  *Id.*

Youch regularly denied him meals and took away his clothing, cleaning supplies, and paperwork.[17]  Plaintiff alleges that Defendant Brown denied Plaintiff meals, tampered with his food, and denied him clothing, cleaning supplies, and paperwork.[18]  Both Youch and Brown were allegedly acting in retaliation for Plaintiff filing PREA complaints of sexual harassment.[19]  Plaintiff asserts that Defendants Jones, Dempsey, Youch, and Brown violated his rights under the First, Eighth, and Fourteenth Amendments and requests compensatory and punitive damages.[20]  He also seeks injunctive relief requiring Defendants to "put cameras in blind spots" in SCI-Camp Hill and "stop torture cell use."[21]

In addition to the claims against Jones, Dempsey, Youch, and Brown, Plaintiff also names several supervisory officials as defendants.  Plaintiff alleges that Defendant Harry was aware of the actions by Jones, Dempsey, Youch, and Brown but "failed to protect Plaintiff by separation transfer."[22]  Plaintiff similarly alleges that Defendant Francis was aware of the actions by Jones, Dempsey, Youch, and Brown but failed to take actions to stop them.[23]  Plaintiff alleges that Defendant Horner was told directly about the abuses Plaintiff was suffering and

---

[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.* at 4.
[23] *Id.*

4

that, shortly after this, Plaintiff was moved to a "torture cell" that was illuminated 24 hours a day.[24]  Plaintiff does not allege that Horner was responsible for transferring Plaintiff to the "torture cell."[25]  Plaintiff also alleges that Defendants Wetzel and Smeal were aware of the alleged wrongdoing by Jones, Dempsey, Youch, and Brown and did nothing to stop it.[26]  Defendants answered the second amended complaint on September 7, 2018.[27]  Following the Defendants' answer, discovery in the case continued for over two years, and the court resolved eight motions for preliminary injunctions filed by Plaintiff as well as numerous motions to compel discovery and other miscellaneous motions.

Following the close of discovery, Defendants filed a motion for summary judgment on May 19, 2021.[28]  Briefing on the motion for summary judgment is complete and it is ripe for the Court's disposition.[29]

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[30]  "Facts that could alter the outcome are 'material facts,' and

---

[24]  *Id.*
[25]  *Id.*
[26]  *Id.* at 4-5.
[27]  Doc. 63.
[28]  Doc. 168.
[29]  *See* Docs. 171, 181, 198.
[30]  Fed. R. Civ. P. 56(a).

disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[31]  "A defendant meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[32]  "A plaintiff, on the other hand, must point to admissible evidence that would be sufficient to show all elements of a prima facie case under applicable substantive law."[33]

"The inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."[34]  Thus, "if the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on a lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."[35] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[36]  "The judge's inquiry, therefore unavoidably asks . . .

---

[31]  *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993) (Hutchinson, J.) (first citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); and then citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

[32]  *Clark*, 9 F.3d at 326.

[33]  *Id.*

[34]  *Anderson*, 477 U.S. at 252.

[35]  *Id.*

[36]  *Id.*

'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."[37]  The evidentiary record at trial, by rule, will typically never surpass that which was compiled during the course of discovery.

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[38]  "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."[39]

Where the movant properly supports his motion, the nonmoving party, to avoid summary judgment, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[40]  For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed" must be supported by: (i)

---

[37]  *Id.* (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)).
[38]  *Celotex*, 477 U.S. at 323 (internal quotations omitted).
[39]  *Id.*
[40]  *Anderson*, 477 U.S. at 250.

"citing to particular parts of materials in the record" that go beyond "mere allegations"; (ii) "showing that the materials cited do not establish the absence or presence of a genuine dispute"; or (iii) "showing . . . that an adverse party cannot produce admissible evidence to support the fact."[41]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"[42]  Moreover, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[43]  On a motion for summary judgment, "the court need consider only the cited materials, but it may consider other materials in the record."[44]

Finally, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[45]  "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict

---

[41] Fed. R. Civ. P. 56(c)(1).

[42] *Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003).

[43] Fed. R. Civ. P. 56(e)(2).

[44] Fed. R. Civ. P. 56(c)(3).

[45] *Anderson*, 477 U.S. at 249.

for that party."[46]  "If the evidence is merely colorable . . . or is not significantly

probative, summary judgment may be granted."[47]

## III.   MATERIAL FACTS

Local Rule 56.1 requires a party moving for summary judgment to submit "a

separate, short and concise statement of the material facts, in numbered

paragraphs, as to which the moving party contends there is no genuine issue to be

tried."[48]  In this case, Defendants filed a statement of material facts as required by

Local Rule 56.1, but their statement bears almost no relation to the claims that

Plaintiff brings in his second amended complaint. Many of the factual allegations

in Defendants' statement of material facts amount to nothing more than *ad

hominem* attacks on the Plaintiff's mental health.[49]  Defendants' assertions that are

actually pertinent to Plaintiff's claims are largely limited to reciting the allegations

that Plaintiff makes in his complaint.[50]  Of the thirty-six factual assertions in

Defendants' statement of material facts, only six address the actual substance of

---

[46]  *Id.*

[47]  *Id.* at 249-50 (internal citations omitted).

[48]  M.D. Pa. L.R. 56.1.

[49]  *See, e.g.*, Doc. 169 ¶¶ 5-6, 13-17.

[50]  *See id.* ¶¶ 7, 11, 18, 22-24. Defendants also attempt to limit the scope of Plaintiff's legal claims based on things Plaintiff said during his deposition.  *See id.* ¶¶ 23, 26, 28-32. I will disregard Defendants' characterizations of the scope of Plaintiff's legal claims, as a complaint may not be amended by a party's deposition testimony.  *See* Fed. R. Civ. P. 15 (specifying rules for the amendment of pleadings); *cf., e.g.*, *Pinson v. United States*, 826 F. App'x 237, 241 n.10 (3d Cir. 2020) (noting that plaintiff may not amend complaint through brief in opposition to motion for summary judgment).  This is especially true where the attempted amendment is advanced not by the testifying party but rather by an adverse party's characterization of the party's testimony.

9

Plaintiff's claims.[51]  Specifically, Defendants assert (1) that Plaintiff did not remember the dates on which Defendant Jones had threatened to rape and murder Plaintiff and his family during his deposition;[52] (2) that Plaintiff "did not remember what happened on February 20, 2015";[53] (3) that Plaintiff filed numerous PREA complaints with the prison, all of which were found to be unsubstantiated;[54] (4) that showers were not given on the shifts that Defendants worked;[55] (5) that Plaintiff admitted that he was not physically assaulted by the Defendants;[56] and (6) that Plaintiff "did not file timely Grievances against the Defendants in the amended complaint."[57]

## IV.   ANALYSIS

Plaintiff's constitutional claims are brought under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

---

[51] *See* Doc. 159.

[52] *Id.* ¶ 8.  Plaintiff acknowledges that he could not remember specific dates during his deposition but asserts that defense counsel prevented him from reviewing his notes during the deposition. *See* Doc. 185 ¶ 8.

[53] *Id.* ¶ 9.  Defendants do not themselves explain what happened on that date.  *See id.*

[54] *Id.* ¶ 10.

[55] *Id.* ¶ 25.  Plaintiff disputes this and asserts that showers were sometimes given on Defendants' shifts.  Doc. 185 ¶ 25.

[56] *Id.* ¶ 34.

[57] *Id.* ¶ 36.  Defendants include as an exhibit to their statement of material facts a printout listing all grievances Plaintiff filed between 2013 and 2021, with no additional explanation.  Plaintiff asserts that he did file timely grievances.  Doc. 185 ¶ 36.

shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[58] "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[59]

Defendants seek summary judgment based on Plaintiff's purported failure to exhaust administrative remedies and based on the merits of Plaintiff's claims. I address Defendants' arguments below.

## A.   Exhaustion

Under the Prison Litigation Reform Act ("PLRA"), prisoner plaintiffs must exhaust all available administrative remedies before they may file suit in federal court.[60] The statute requires "proper exhaustion," meaning the prisoner must complete the administrative review process in accordance with the procedural rules

---

[58]   *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

[59]   *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

[60]   42 U.S.C. § 1997e(a); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 304 (3d Cir. 2020).

set by the prison.[61]  Failure to exhaust is an affirmative defense the defendant must

plead and prove; it is not a pleading requirement for the prisoner-plaintiff.[62]

Defendants here have not met their burden to show that Plaintiff failed to

exhaust administrative remedies.  Defendants assert in conclusory fashion that

Plaintiff did not file any timely grievances against them, but the only evidence they

offer to support this contention is a printout of Plaintiff's grievances from 2013 and

2021.[63]  That printout does not establish that Plaintiff failed to exhaust, as the

limited information on the printout suggests that Plaintiff filed numerous

grievances during the relevant period of time that may have pertained to the subject

matter of Plaintiff's claims.[64]  Accordingly, because there is a genuine issue of

material fact as to whether Plaintiff exhausted administrative remedies, I find that

summary judgment on the issue of exhaustion is precluded at this time.

## B.    Merits

### 1.    Jones, Dempsey, Youch, and Brown Are the Only Remaining Defendants

At the outset of my analysis, I will address a dispute between the parties as

to whether Plaintiff still has viable claims against Defendants other than Jones,

---

[61]  *Downey*, 968 F.3d at 305 (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

[62]  *Small v. Camden Cty.*, 728 F.3d 265, 268 (3d Cir. 2013) (citing *Jones v. Bock*, 549 U.S. 199, 212, 216-17 (2007)).

[63]  Doc. 169 ¶ 36; Doc. 170 at 15.

[64]  *See* Doc. 169-2 at 5-6 (listing grievances between February and September of 2015 for "food"; "problems with staff – officers"; "allegations of abuse"; "sexual harassment – staff"; "conditions"; and "safety/sanitation").

12

Dempsey, Youch, and Brown.[65]  Defendants assert that Jones, Dempsey, Youch, and Brown are the only remaining defendants, while Plaintiff asserts that Harry, Francis, Horner, Smeal, and Wetzel are still defendants in the case.[66]

Defendants are correct.  In my May 30, 2017 Order granting Plaintiff leave to file a second amended complaint, I stated that the second amended complaint was limited to "those defendants and claims which were originally raised and not previously dismissed."[67]  Defendants Harry, Francis, Horner, Smeal, and Wetzel were dismissed from this case by order of Judge Kosik on June 9, 2016.[68]  Thus, although Plaintiff named them as Defendants in his second amended complaint on June 14, 2017,[69] he did not have leave of the Court to do so.  Accordingly, Harry, Francis, Horner, Smeal, and Wetzel are no longer a part of this lawsuit.  Jones, Dempsey, Youch, and Brown are the only remaining Defendants.

## 2.   Eleventh Amendment Immunity

Defendants assert that they are entitled to immunity under the Eleventh Amendment to the extent that Plaintiff attempts to sue them in their official capacities.[70]  Plaintiff concedes this point.[71]  Accordingly, I will grant Defendants

---

[65]  *See* Doc. 169 ¶¶ 1-3; Doc. 185 ¶¶ 1-3.
[66]  *Id.*
[67]  Doc. 51 at 5.
[68]  Doc. 26.
[69]  *See* Doc. 52.
[70]  Doc. 171 at 5-6.
[71]  Doc. Doc. 181 at 4.

summary judgment to the extent that Plaintiff's claims are brought against them in their official capacities.

### 3. Eighth Amendment Claim Based on Threats and Harassment

Defendants argue that Plaintiff's Eighth Amendment claim fails to the extent that it is based on verbal threats and harassment.[72]  Defendants are correct, as verbal sexual harassment unaccompanied by any other injury is not sufficient to establish an Eighth Amendment violation.[73]  I will therefore grant summary judgment to the extent that Plaintiff raises an Eighth Amendment claim based on threatening and harassing language.

### 4. Eighth Amendment Claim Based on Denial of Food

Defendants next argue that Plaintiff's Eighth Amendment claim fails to the extent it is based on the denial of food because Plaintiff's deposition "revealed that he had no idea as to how often this occurred or why it happened."[74] Defendants note that isolated incidents of the denial of meals does not rise to the level of a constitutional violation.[75]

---

[72]   Doc. 171 at 7-9.

[73]   *See, e.g.*, *Sears v. McCoy*, 851 F. App'x 668, 670 (3d Cir. 2020) ("A prisoner's allegations of verbal harassment, unaccompanied by another injury, are not cognizable under § 1983."); *accord Proctor v. James*, 811 F. App'x 125, 128 n.2 (3d Cir. 2020); *Gandy v. Reeder*, 778 F. App'x 149, 151 (3d Cir. 2019); *Washington v. Rozich*, 734 F. App'x 798, 801 (3d Cir. 2018); *McCormick v. Kline*, 670 F. App'x 764, 765 (3d Cir. 2016); *Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006).

[74]   Doc. 171 at 11.

[75]   *Id.* (collecting cases).

Defendants' account of Plaintiff's deposition testimony is not supported by the transcript of the deposition.  In the deposition, Plaintiff did not state that he had no idea how often he was denied meals.[76]  To the contrary, Plaintiff testified that he was denied meals whenever one of the defendants was responsible for meals on the 2:00 p.m. to 10:00 p.m. shift.[77]  Accordingly, based on the record before me, I conclude that there is a genuine dispute of material fact as to how often Defendants denied Plaintiff meals.  I will therefore deny this portion of Defendants' motion for summary judgment.

### 5.    Retaliation

Defendants argue they are entitled to summary judgment as to Plaintiff's retaliation claim because the claim is based on his transfer from SCI-Mahanoy and none of the Defendants were involved in that transfer.[78]

Defendants' argument misapprehends Plaintiff's second amended complaint. There is no allegation in the second amended complaint that Plaintiff's retaliation claim is based on his transfer from SCI-Mahanoy.[79]  In fact, SCI-Mahanoy is not even mentioned in the second amended complaint.[80]  Defendants' argument appears to be based on a portion of Plaintiff's deposition testimony where Plaintiff

---

[76]  Doc. 169-1 at 34-35.
[77]  *Id.*
[78]  Doc. 171 at 12.
[79]  *See* Doc. 52.
[80]  *See id.*

15

stated that his transfer from SCI-Mahanoy was retaliatory in nature.[81]  Plaintiff did not state, however, that the allegedly retaliatory nature of the transfer was the basis for his retaliation claim in *this* case.[82]  Moreover, as noted above, a plaintiff's complaint may not be amended by the text of the plaintiff's deposition testimony or by an adverse party's characterization of that deposition testimony. Accordingly, because Defendants' motion for summary judgment as to Plaintiff's retaliation claim is based on an erroneous reading of the second amended complaint and does not address the substance of Plaintiff's retaliation claim, the Court will deny summary judgment as to that claim.

### 6.      Americans With Disabilities Act

Defendants argue they are entitled to summary judgment to the extent Plaintiff attempts to raise a claim under the Americans With Disabilities Act ("ADA").[83]  Plaintiff concedes this point.[84]  I will therefore grant summary judgment to the extent that Plaintiff raises an ADA claim.

### 7.      Fourteenth Amendment Claim

Finally, Defendants seek summary judgment as to Plaintiff's Fourteenth Amendment claim because there are no allegations relating to that claim in the

---

[81]  *See* Doc. 169-1 at 27.
[82]  *See id.*
[83]  Doc. 171 at 12.
[84]  Doc. 181 at 11.

16

second amended complaint.[85]  I will grant this portion of the motion for summary

judgment, as a review of the second amended complaint confirms that Plaintiff

makes no allegations in support of any Fourteenth Amendment claim.[86]

## V.   CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment will

be granted in part and denied in part.[87]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[85]   Doc. 171 at 13.

[86]   *See generally* Doc. 52.

[87]   Plaintiff has also filed a request for the Court to conduct an *in camer*a review of certain documents as part of the review of the summary judgment motion.  *See* Doc. 188.  Plaintiff specifically requests an *in camera* review of (1) records of trauma treatment services that Plaintiff received; (2) pornographic photos that Defendants allegedly gave to Plaintiff; (3) a copy of the DOC's "starvation protocol," and (4) an additional document relating to the impact of being denied food.  *Id.*  The decision of whether to conduct an *in camera* review of documents is generally left to the sound discretion of the district court.  *See, e.g.*, *ACLU of N.J. v. FBI*, 733 F.3d 526, 534 (3d Cir. 2013); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 96 (3d Cir. 1992).  I will exercise my discretion and decline to conduct the requested *in camera* review, as the pornographic photos are not relevant to the instant motion, the documents related to the withholding of food are not material given that the Court has otherwise found that Defendants are not entitled to summary judgment as to the withholding of food claims, and Plaintiff has not explained the relevance of the trauma treatment records.