IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO PERCY PEW, | No. 3:15-CV-01611 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| COL. E.A. JONES, *et al.*, | |
| Defendants. | |

## ORDER

**DECEMBER 15, 2021**

In accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment (Doc. 168) is **GRANTED IN PART AND DENIED IN PART**.

2. Defendants are granted summary judgment as to (1) Plaintiff's claims against Defendants in their official capacities; (2) Plaintiff's Eighth Amendment claim based on alleged threats and verbal harassment; (3) Plaintiff's Eighth Amendment claim; and (4) Plaintiff's Fourteenth Amendment claim.

3. Summary judgment is denied as to Plaintiff's Eighth Amendment claim based on the alleged withholding of meals and Plaintiff's retaliation claim.

4. Plaintiff's request for *in camera* review of certain documents (Doc. 197) is **DENIED**.

5. This case is **REFERRED** to the Court's Prisoner Litigation Settlement Program.

6. Joseph Barrett, Esq., the ADR Coordinator for the Middle District of Pennsylvania, is **APPOINTED** to serve as mediator.

7. All settlement discussions are confidential and may not be utilized by any party if settlement is not reached.

8. In order to reduce cost, time, expense, and inconvenience, and to suitably address institutional security concerns, counsel for the Defendants and the mediator will coordinate with officials for the Pennsylvania Department of Corrections to schedule video-conference mediation sessions with Plaintiff at mutually convenient times, and in a manner that comports with the needs and concerns of prison officials.

9. The parties shall complete mediation within sixty (60) days of the date of this Order.

10. The parties and the mediator shall promptly notify the Court in writing if this case is resolved through mediation.

11. If this case is not resolved through mediation, the Court will schedule an evidentiary hearing on the issue of administrative exhaustion at which the Court will act as the finder of fact. *See Small v. Camden Cty.*, 728 F.3d 265, 270-71 (3d Cir. 2013).

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge